## THE LAKE ERIE LUMBER & SUPPLY CO. *v.* MARSHALL ET AL.

*Mechanics' liens — Notice to property owner — Section 8315, General Code — Carbon copy of affidavit sufficient, when.*

The sending of a carbon copy of the affidavit to obtain a lien, which copy is in all respects a duplicate of the original excepting only that it lacks the name of the affiant at the end of the affidavit and the name of the notary at the end of the jurat, accompanied by a letter to the owner stating that the same is a copy of the affidavit filed, all of which is done within the thirty-day period provided for in Section 8315, General Code, is a sufficient compliance with the provisions of said section requiring service on the owner or his agent of a copy thereof.

(Decided July 7, 1919.)

APPEAL: Court of Appeals for Cuyahoga county.

*Mr. F. V. Hartman,* for plaintiff.
*Messrs. Maurer, Bolton, Wilson & McGiffin,* for defendants.

BY THE COURT. In this cause, which is here heard upon appeal, we hold that the sending of a carbon copy of the affidavit to obtain a lien, which copy is in all respects a duplicate of the original excepting only that it lacks the name of the affiant at the end of the affidavit and the name of the notary at the end of the jurat, accompanied by a letter to the owner stating that the same is a copy of the affidavit filed, all of which is done within the thirty-day period provided for in Section 8315, General Code, is a sufficient compliance with the

provisions of said section requiring service on the owner or his agent of a copy thereof. The lien of The Lake Erie Lumber & Supply Company will, therefore, be sustained.

In reference to the claim of the R. L. Quiesser Company, the validity of its lien depends upon a question of fact. Without going into an analysis of the evidence, it will be sufficient to say that the court finds that the evidence preponderates in favor of the sustaining of the claim of said company, and we hold that the said R. L. Quiesser Company has a valid lien.

A journal entry may be drawn sustaining these two liens and the claims of all the cross-petitioners in the court below, just as was done by the common pleas court.

*Judgment accordingly.*

DUNLAP, P. J., WASHBURN and VICKERY, JJ., concur.