ACORN SUPPLY CO v. FINGERHUT, et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2052. Decided June 25, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

REAL ESTATE

(510 Mg2) Evidence held insufficient to show that lien was filed within the sixty day limit fixed by statute to perfect such a lien.

(510 MC) That material was supplied for and used in construction of a house is sufficient even though it were not supplied at the lot where the building was constructed.

(510 Md) Failure of the copy of an affidavit furnished the owners of a building on which a mechanic's lien is attempted to be filed, to show the signature of lien claimant or notary public before whom executed, is not a defect invalidating the lien.

Appeal from Common Pleas.
Decree for Defendants.

Geer & Lane and Frank Algrissee, Toledo, for Acorn Supply Co.

Holbrook & Banker, Smith, Beckwith & Ohlinger, and E. C. Froehlich, Toledo, for Fingerhut, et.

STATEMENT OF FACTS.

The plaintiff appealed from a decree of the common pleas court finding that it had no metracted with the plaintiff to furnish the matechanics' lien against the property of the defendants Louis E. Fingerhut and wife.

Arthur Nighswander had a contract to erect for them a dwelling house on their property in the city of Toledo, and Nighswander contracted with the plaintiff to furnish materials. Under this contract, building material was supplied and went into the construction of the dwelling house, the plaintiff claiming a balance of $1,025.19.

RICHARDS, J.

The plaintiff claims that it furnished the last material on October 31, 1925 and the lien was filed on December 29, 1925, which would be within the sixty day limit fixed by statute.

Numerous objections are made to the validity of the lien claimed by the plaintiff. In the first place it is insisted that although the material for which the lien is claimed was used in the construction of the dwelling, the plaintiff is not entitled to a lien because it did not deliver the material at the place where the building was being erected. That claim is based on language contained in General Code Section 8314, requiring that the affidavit should be filed within sixty days from the date on which the last materials "shall be furnished at the building." We are not in accord with this claim made by the owners. The same section contains the form for an affidavit for lien in which the claimant only swears that he furnished the material for constructing the building. The section cited is not the one which gives the right to a lien. That right is given by General Code Section 8310, and is given to a person who performs labor or furnishes material, etc., for repairing or constructing a building or other structure under a contract with the owner or his agent. The evidence discloses that all the material for which claim is made was used in the construction of the building, and it is unimportant who delivered it on the premises.

It is further insisted that the lien is invalid because the copy of the affidavit furnished to the owners does not show the signature of the lien claimant nor of the notary public before whom it was executed. This is not such a defect as invalidates the lien. Lake Erie Lumber & Supply Co. vs. Marshall, et al., 11 Ohio App. 416.

The serious objection to the validity of the lien claimed by the plaintiff is the contention that the last item was furnished more than sixty days prior to the filing of the affidavit for lien. Plaintiff's ledger shows three items furnished on October 31, 1925, aggregating $1.94, and the next preceding item was on October 22nd. Plaintiff's bookkeeper testified that all the knowledge he had with regard to the time when the items aggregating $1.94 were furnished is what he obtained from the invoice tickets. The invoice ticket in question bears date of October 31st, 1925, but is based on an order dated October 2nd, 1925, but it does not appear when it was written, nor by whom. Nighswander testified in chief that he personally obtained this material of the plaintiff on October 31, 1925, but on cross examination states that he has no knowledge of the date except as he gets it from the bill, although he says it was on a Saturday, and October 31st was Saturday. When asked, on cross-examination, what date he obtained the material, he testified he had no recollection of the date, and added:

"I can not just recall. I can not swear to that to tell the truth. I can not do it. I ain't going to tell no lie."

And he stated that he received this material on the day he ordered it, and that date was October 2nd. Fingerhut and his wife both testify that they moved into the dwelling on October 15th, 1925, and that the last work which Nighswander did was on October 22nd, when he put on a mantel shelf. In view of all the evidence in the case we are convinced that the last material furnished by the plaintiff was supplied more than sixty days prior to the time the affidavit for lien was filed, and for this reason the plaintiff is not entitled to a lien.

(Williams and Lloyd, JJ., concur.)